Mr. Felice, the plaintiff, was a part-time U. S. magistrate who served in the Eastern District of Washington by appointment of the local United States District Judges under the rules set by the Judicial Conference of the United States, 28 U.S.C. §631 and ff. Since his original appointment as a part-time U. S. commissioner in 1956, he had served successive 4-year terms as commissioner, and magistrate when the job title and duties were changed by law. His final reappointment was under date of January 24,1979, and the conversion of the position to full-time status having been authorized by the conference, this appointment was limited by its terms to expire January 31, 1983, or at such earlier date as a full-time magistrate might be appointed. The suit is for back pay as a part-time or full-time magistrate, for loss of fringe benefits, and for reinstatement in a part-time or full-time position, or placement in an appropriate retirement status. Both parties move for summary judgment. We hold that plaintiff effectively resigned the part-time position, terminating his entitlement to its emoluments, and that the full-time position or its emoluments are beyond our power to award.
Plaintiff was a candidate for the full-time position, but on May 7, 1979, the Chief Judge of the district, The Honorable Marshall A. Neill, notified him that another person had been selected. Plaintiff responded May 9, 1979, with an *919 embittered letter which is at the crux of the litigation. He said that he had served without criticism for 22 years, that Judge Neill had failed to follow the guidelines of the Judicial Conference concerning magistrate selection, that the Judge knew of the writer’s interest in the full-time position, that the selectee would, contrary to the guidelines, exceed the age of 70 before finishing his term, that the action obliterated the writer’s accrued pension rights, that in 24 hours since receipt of the notice, the writer had struggled with feelings of anger, sadness, embarrassment, frustration, dignity, and loyalty; and finally, that-
* * * it is with the deepest regret and sadness that I hereby submit my resignation, effective immediately, as the United States Magistrate.
He went on to say if Judge Neill should reconsider, or should the selectee decline the office, he would discuss the matter further—
Similarly, I remain available to serve if called upon, as I have dedicatedly and loyally served for twenty-two years.
On May 15 the Administrative Office of the United States Courts sent a Form 250, Notification of Personnel Action, to Judge Neill, copy to Mr. Felice, formalizing the resignation as of May 9, and thereafter, the office was treated as vacant. As the existence of the vacancy created something of an emergency, the selectee for the full-time position was appointed and took office to fill the remaining term of the part-time position, May 21,1979. We gather that a question of funding forced a short deferment of filling immediately the full-time position. The selectee did, however, receive appointment to the full-time position June 4,1979.
It is suggested on plaintiffs behalf that the resignation was not really a resignation, but something else. One can sympathize with Mr. Felice’s feelings, but the statement that he resigns seems plain enough, and were it less plain, he was promptly notified that the Administrative Office recorded him as having resigned, and he took no step to correct the error if it was one. Having resigned, Mr. Felice cannot claim the emoluments of the part-time position for the brief time it continued to exist.
Turning now to the full-time position that has existed in the district since June 4, 1979, plaintiff says that the judges *920 of the district in making their selection did not follow the 1978 guidelines of the Judicial Council in several respects. Plaintiff is, however, in the position that he was never appointed to the full-time position, and the Back Pay Act, 5 U.S.C. §5596, did not confer entitlement to the pay of a position to which one was never appointed. United States v. Testan, 424 U.S. 392 (1976); Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804 (1979). Plaintiff says the Council guidelines give a part-time magistrate the right to be considered for the job when a full-time magistrate position is first created.
Plaintiff argues that this expectation amounts to a property right under the concepts floated by the U. S. Supreme Court in Arnett v. Kennedy, 416 U.S. 134 (1974); Board of Regents v. Roth, 408 U.S. 564 (1972) and Perry v. Sindermann, 408 U.S. 593 (1972). Yet the mere existence of such a right does not necessarily mandate enforcement of it in this court through award of back pay. Testan, supra. Plaintiff has not shown any consent by Congress to the litigation in this court of his claim for promotion to a position he never held. Plaintiff does not show any legal entitlement to the position that existed without the prior favorable consideration of his name by the judges of the district.
Accordingly, plaintiffs claim to the pay of the full-time position fails, and in this court, if that fails, everything fails.
Upon consideration of the motions of both sides for summary judgment it is determined that, there is no triable issue of relevant fact, the motion of plaintiff for summary judgment is denied, the motion of defendant for summary judgment is granted, and the petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied November 29,1982.